Appellants seek review of the trial court’s order granting the summary judgment motion of Appellee, Cherokee Nation, on Appellants’ claim against Appel-lees for Violation of Cherokee Nation Constitutional Right of Due Process, Breach of Contract, Breach of Covenant of Good Faith Dealing, Fraud, and Officious Intermeddling.
On June 26, 2015, the District Court granted Cherokee Nation’s Cross Motion for Summary Judgment finding “All obligations and benefits of Plaintiffs employment contracts were fulfilled by all parties .., Cherokee Nation’s Motion for Summary Judgment is granted.”.[1] This Court reviews the matter de novo.
All three appellants entered into contracts with the Cherokee Nation for the 2011-12 school year. Other than the amount of compensation to be received, the basic terms and conditions of the contracts were identical. The contract term was for the period of July 1, 2011, to June 30, 2012, with Cherokee Nation employee status specifically ending on June 30, 2012. The contracts further stated “Any modification of this Agreement or additional obligation assumed by either party in connections with this Agreement shall be binding only if evidenced in writing and signed by both parties.” There was no evidence or allegations of any additional agreement.
*384 Appellants raise three issues on appeal. First, they assert that Appellees had no authority to terminate Employees’ employment because that authority had been statutorily delegated to the Sequoyah High School Board Members. Their second argument is that the Contract argument by Cherokee Nation was a pretext because the Cherokee Nation placed on layoff status as a result of reorganization. The third and final argument by Appellants was that even if Appellees had authority to terminate Employees, the Nation provided no pre-termination due process and no “for cause” reason for their termination.
All of Appellants’ arguments are based on the premise that their employment was “terminated.” The problem with Appellants’ arguments are that this case is not about a termination. The appellants signed employment agreements with Cherokee Nation. The agreements set forth a term. Black’s Law Dictionary defines term as “affixed and definite period of time ... Period of determined or prescribed duration. A specified period of time.” The employment agreements were not terminated, the employment agreements were completed and ended by the specific terms of the agreement on June 30, 2012. It is undisputed that Appellants received all wages and benefits due to them under the employment agreements. There is no provision in the agreement that would give Appellants any expectation of employment beyond June 30, 2012. Appellants’ argument makes several references to Resolution 72-86, which specifically sets out the roles of the School board, Superintendent, Tribal Council, and the Chief. Nowhere in the resolution does the Board have any authority and/or responsibilities regarding the non-renewal of a contract. It further states that the Chief has the sole authority to enter into contracts on behalf of Sequo-yah High School.
It is undisputed that appellants entered into employment agreements with Cherokee Nation for the 2011-12 school year. The term of said agreements started on July 1, 2011, and ended, by the express terms of the agreement, on June 30, 2012. The contract further states “Any modification of this Agreement or additional obligation assumed by either party in connection with this Agreement shall be binding only if evidenced in writing and signed by both parties.” No such writing exists.
The trial court did not err in granting summary judgment in favor of Cherokee Nation. The material facts were not contested and the issues confronting the district court were legal issues. Summary judgment in favor of Cherokee Nation, therefore, was appropriate. The Trial Court’s decision is hereby AFFIRMED.

. This Court does not address the alterative conclusion contained in the District Court’s Order, and this opinion makes no conclusions or statements of law or precedent regarding that alternative opinion but affirms the finding based on the opinion set forth herein.